Smith, C. J.
This is a covenant real. It has for its object something annexed to, inherent in, or connected with, land. It (the covenant) is transferred to the purchaser'of the land by the conveyance. When Ezekiel Hall bought the lot, this covenant ran with the land, and Ezekiel Hall was entitled to the benefit of this covenant, and might maintain an action upon it. Defendants covenanted to warrant the lot to Ezekiel Hall. Defendants have covenanted to warrant and defend the *391 lot to Ezekiel Hall against the eviction of any person whatever. (a)
Suppose Ezekiel Hall evicted of part of the lot, eighty acres. It is clear he could maintain an action to recover damages for that eviction. (b) . Defendants have warranted the whole lot and every part of it against eviction.
Could Ezekiel Hall, in that ease, recover damages for the part not evicted ? (c) It would seein he could not. If so, he could afterwards maintain an action on the same covenant, when evicted of the residue or of" another part, and so for every parcel on eviction ; so that an action lies on the covenant for every eviction which has happened at the time of suing on the covenant.
If this be so, then it is no objection to the present action that the defendants may thereby be subjected to several actions on the same covenant, in respect to several parts of the lands warranted.
It seems, also, to be clear, in the case of a lease for a term of years, that, where the lessor, after the making of the lease, grants the reversion to another for life, this grantee of only part of the estate (d) of the lessor may take advantage of a condition, and consequently of a covenant, in the first lease. He shall have the benefit of the covenant for payment of rent, repairs, &c., made by the lessee with the lessor. In this case, however, the covenants are not divided; one action, only, is brought. But, if the lessor grant the reversion to two as tenants in common, each may sue on the covenants of lessee, or both may join. 3 Wentworth, 490.
*392 But it is said, 4 Cruise, 74, (a) that a grantee of part of the reversion shall not take advantage of a covenant made by the lessee with lessor. The whole reversion consists of three acres; two are granted to one, and one to another, or the one acre remains in lessor; the covenants are destroyed. It would be unreasonable to compel the lessee to pay the whole rent to each assignee or the owner of each part. How shall the rent be apportioned so that the lessee may pay each his share ? And, even when apportioned, he is subjected to the inconvenience of paying his rent to two persons instead of one. This last inconvenience applies to the present case with equal force. But here the covenants between defendants and E. H., the elder, are not destroyed by the conveyance, by Ezekiel Hall, of part to E. H., Jr.
Perhaps assignee of part only of the lands demised is not liable to the lessor on the covenants of lessee, for payment of rent, the whole rent. (b) But the question here is, whether assignee of part can take advantage of the covenants of him who bound himself to warrant the whole, and his part is that in respect of which the covenantee is liable.
Comyns (Digest, Covenant, B. 3) says covenant lies by an assignee of part of the estate demised, or the. assignees of several parts may join. This must mean several parcels, and is in point.
The only person interested in the covenant for the breach *393 now assigned is plaintiff. Why should not action lie in his name ? What prejudice to defendants ? Why action in the name of Ezekiel Hall?
It must be admitted, defendant’s covenant extends to every part of the land; but the question is, does it extend to grantee of every parcel?
Greenby & Kellogg, adm'rs of Kellogg, v. Wilcocks, 2 Johns. 1. Covenant. Wileoeks conveyed to Pollock certain lots; covenant with Pollock, his heirs and assigns, that Wileoeks seised, &c. Pollock conveyed to H. one of the lots, and II. to the intestate, Kellogg. Breach: Wileoeks not seised of the lot (sold the plaintiff). Kellogg evicted. It was held, on demurrer, that the assignee could not maintain the action. The objection now made was not mentioned.
It seems this covenant of defendants runs with the land at common law. The statute of Henry VIII. was made in favor of reversioners.
Could not defendants have been vouched (they were called upon) by Kinsley ? That is in the nature of a suit. They were liable in warrantia charlee. If so, they are liable in covenant, which comes in lieu of voucher and warrantia chartm, and indeed is, in many cases, extended further. Com. Dig., Guaranty [Warranty ?] C. ; Co. Litt. 385 a, 215 b, n. 1. Shep. 195, shows that assignee of parcel of the land (though not of part of the estate) may vouch, and summon [?] to warrant, warrantor of whole. (a) Though some difficulty in applying the English cases, which are of leases and reversions, and under statute Henry VIII., yet I conclude that assignee of part of the lands conveyed may vouch grantor who warranted the part with other lands, and, consequently, may maintain covenant.
2 G. Bacon, 71. Lessor may have covenant against the assignee of one parcel to repair. The covenant is divisible and follows the land. (b) So if lessor had granted the reversion *394 of part to one, and of another part to another, they might have brought covenant. Judgment on verdict, (a) , [1]

 They are no otherwise prejudiced by the action by Ezekiel Hall than if the suit were prosecuted by his grantor, E. II., Sr. 4 Cruise, 24.

 See 1 T. R. 071.

 Semble not, 5 Johns. 49, 54.

 2 Selw. 420, n. 80; Co. Litt. 215 a.
In note 80, 2 Selw. 421, it is said, grantee of part of the reversion (two acres, parcel of four) cannot enter for condition broken (in lease between lessor and lessee), because conditions cannot be apportioned by act of the party.
See 2 Selw. 420; 3 T. R. 898. Condition is entire. Com. Dig. Condition, O.; 2 Shep. 147.

а) Co. Litt. 215 a. So G. Bacon, Covenant, E. 6; Stat. 32 H. VIII. c. 34, does not extend to grantees in the reversion in part of the land. Co. Litt. 215 a ; Cro. Eliz. 833; Co. Litt. 215 5 and a, 1.

 This would he unjust. Cowp. 678. Yet he is liable to repair the buildings, fences, &c., on his part. This is just. Doug. 187 (3 Wils. 29; 2 G. Bacon, 71). This was covenant by lessee to repair, lessor finding timber; defendant, assignee, was assignee of only part of the premises in the lease. 3 Woodd. 187, n. 1. Indeed, Wooddeson intimates that assignment of whole interest in parcel subjects assignee to action; by same rule the remedy must be mutual. Doug. 187, n. 59.
General principle: assignee of the parcel entitled or liable may sue and be sued. Com. Dig. Covenant, C. 3. Here plaintiff is assignee of the part evicted; consequently entitled.
Covenant to repair is divisible, and will bind assignee of parcel quoad the repairs of such parcel. 2 Selw., 429.

а) Booth, 49, 53. Vouchee may counterplead that he is to warrant hut a part of the land.

 Why does not this covenant follow the land and every parcel? Perhaps this is the only parcel as to which title fails.

 Am. Prec. 256, n. Assignee of distinct part, as one of two lots, &e., of the land warranted, may sue; but qucere if one lot? Cases cited.

 “ Of the division of the remedy, on covenants for title which run with the land.
‘ ‘ The ownership of the land to which covenants are incident does not, ‘of course, remain in all cases undivided. Mr. Preston (3 Prest. Abs. 57, 58) was of the opinion that, when property is divided by sales, the purchaser loses the benefit of the former covenants. ‘Thus,’ he says, ‘ when a man sells two farms to A., covenanting with him, his heirs and assigns, and one of the farms is sold by A. to B., B. can never sue on the covenants, as this would subject the covenantor to several suits.’ Sir Edward Sugden (Sugd. Vend. & P. 508) has controverted this doctrine; and it seems to be both in conflict with authority and contrary to principle. For,
“ First. It is not certain that the covenantor will be subjected to more than one suit. If A. sells land to B., who sells it again, one half to C., the other to D., in the event of a breach of the covenants, both C. and D. may elect to proceed against B., who will then recover over against A. in a single suit. But if A. was not primarily liable to C. and D., then, according to previous discussion, he would not be liable to indemnify B., which is absurd.
“ Second. The very nature of the covenants implies that there may be several actions on them. There may be several interruptions from distinct causes of the quiet enjoyment, for each of which a separate action will lie; or the covenant of warranty may be broken by successive evictions from portions of the land, under distinct claims, for each of which an action may be had for damages pro tanto.
“ Third. Future subdivisions may fairly be presumed to be contemplated when the covenants are entered into.
“ Fourth. The ancient warranty, for which the covenants for title were substituted, was apportionable. Co. Litt. 309.
“ In Dougherty v. Dewall’s Heirs, 9 B. Mon. 57, it was held that a remote grantee of only a part of the land may maintain an action in his own name against the first grantor, for his proportion of the covenant remedy. To the same effect is the decision in Astor v. Miller, 2 Paige, 68. In Dickinson v. Hoome's Adm’r, 8 Gratt. 406, the same rule is adopted. It is said that ‘ as covenants that run with the land are assignable because the land itself is assignable, so also it would seem that the covenants are apportionable, because the land itself is apportionable.’
“ Other cases have recognized this doctrine, which may now be regarded *395 as a settled rule of law. Tt is uncertain how far the same rule applies, when, not the land itself, but the estate in the Whole land is divided, as when one has a life estate, and another the remainder, in land. There is no doubt but that all the partial owners may join in a common action on the covenants, to secure their respective rights. 3 M. & S. 409. But this is not always practicable. Tt is understood to be the doctrine of the English courts, that any partial owner of an estate may separately recover for the special damage to,his interest in the land, arising from a breach of the covenants (Dart, Vend. 360 ; 9 Jarm. Conveyancing, 404; 2 Sim. 343; 2 B. & A. 105; 1 M. & S. 355; 4 id. 53; Rawle, Cov. Tit. 343); just as a lessee and a reversioner of land may sue separately for the injury to their respective rights from a trespass to the land. The current of American authority, so far as the question has arisen, is in an opposite direction. In St. Clair v. Williams, 7 Ohio, 2d part, 111, and also in Tapscott v. Williams, 10 Ohio, 442, the distinction is taken between a division of the land and a division of the estate, and while it is said that each party may sue separately in the former case, it is held, to bo otherwise in the latter case. These same views are entertained in the later case of McClare v. Gamble, 27 Pa. St. 288. The reasons for the distinction are not perfectly obvious, and the rule is open, to a great extent, to the same objections, in Mr. Preston’s view, in case of a division of the land itself. However the rule may be ultimately settled, there are certainly some advantages in permitting separate actions, which may be sufficient to counterbalance any supposed inconvenience to the covenantor. In White v. Whitney, 3 Met. 87 (before referred to), C. J. Shaw says, in substance, that, if two parties own distinct interests in an estate derived from a common grantor, the one as a mortgagee, the other as a purchaser of the equity of redemption, both parties will be entitled to the benefit of the common grantor’s covenants, according to their respective interests. It is suggested, however, that, in case suit were to be brought, before either foreclosure or redemption, there might arise some question as to the method of proceeding.”
From a Prize Essay at the Harvard Law School, on ‘1 Covenants for Title running with the Land,” written by the late Thomas A. Henderson, of the class of 1861, printed in 2 Am. Law Reg. (n. s.) 193-211, 257-274.
In support of Hall v. Stone, see also Sugd. Vend. & P. [598], 8th Am. ed. vol. 2, 269; Rawle, Cov. Tit. 3d ed. 354, 355; and, besides authorities there cited, see Simpson v. Clayton, 1838, 4 Bing. N. C. 758, 780.