I think it a material part (530) of this case, that neither of the parties knew anything about the quality of any part of the land. It lay in a distant country, and the value of any one tract, rather than of the others, formed no inducement to the purchaser. If there had been a general warranty in the deed, Cocke could have recovered only the price paid in proportion to the land lost, and interest upon that sum; according to the rule, that if upon a contract for the purchase of land the title prove bad, and the vendor is, without fraud, incapable of making a good one, the purchaser is not entitled to damage for the fancied goodness of the bargain he supposed he has lost. 2 Black. 1078. The decision of this Court, too, in the case of Philips v. Smith, limits the recovery to the price fixed on by the parties, and interest on that sum.
But it appears to me that this case is still stronger against the Plaintiff, than if an action had been brought on a warranty in a deed; for the parties here have not left the sum to be recovered, to implication or the effect of any general rule of law, but have incorporated the principle, by which a reimbursement shall be adjusted, into the condition of the bond. "If it shall appear hereafter that any other person should have a better right to these lands than Cocke, and he should lose them in consequence of such better right, then Shepperd is to pay back the purchase money, and inproportion should Cocke lose any part of the land." The number of acres sold was nineteen hundred and twenty, of which, one-third has been lost, and for which Cocke is entitled to a reimbursement of one-third of the purchase money, with interest. This rule is calculated to work both ways, and appears to me most equitably adapted to the circumstances of this case. It is one under which the Plaintiff would certainly have sought shelter, had Mulherrin's title covered the tract which the Jury have valued at twenty-five cents per acre, instead of that which they have valued at a dollar. *Page 327 
The price actually paid for the land was at the rate of sixty-nine cents and four-ninths per acre; (531) whereas taking the average value of the several tracts when the contract was made, the value of each acre would be but fifty-four cents and one-sixth per acre; and either this latter sum of twenty-five cents per acre, must have been the amount of the Plaintiff's recovery, upon his own principles, in the event of his having lost the poorest tract. If in the supposed event, it would have been unjust to allow the Plaintiff less than he paid, which I think it would, it must be equally so, to make the Defendant pay more than he received, in the event which actually has happened.
Nelson v. Matthews, 2 Hen. and Mumf. 164, the general rule is laid down, that if several tracts of land be sold as adjoining each other for a gross sum, and no specification be made at the time of the contract of the quality or separate value of each parcel, and there be a deficiency in the quantity of each, the purchaser will be entitled to compensation for such deficiency, according to the average value of the whole tract, and not of the several tracts taken separately. In giving the reasons why the case under consideration should be governed by the general rule, Judge Roane observes, that the purchaser does not state that the lost land formed a particular inducement with him to make the purchase: on the contrary, he had never viewed the land, but relied on the information of the seller as to quantity and boundaries; he neither asked nor received any information as to quality and description: he submits, therefore, in case of deficiency, to stand upon the general ground, which is a safe one, as it gives the average value of an article purchased in gross. Whereas, when an enquiry is made into the relative value, a very extensive field is entered into, where much is left to opinion, and in which there are no certain.data to go by.
It will readily be admitted that many cases may be stated, wherein the application of this rule would be altogether unjust; as where a purchaser is evicted from (532) the most valuable part of a tract of land, as a meadow connected with a barren field; one acre containing expensive improvements, connected with a tract of little or no value; or the only woodland belonging to a plantation, and essential to its support. When the purchaser knew the land, or it was described to him at the time of the sale, it may reasonably be presumed, that the valuable part of the tract formed an inducement with him to make the purchase; and therefore he ought to be compensated for the relative value *Page 328 
of the land lost. 5 Johns. 57. But considering, together, the contract in this case, the ignorance of the parties as to the value of the land, and the absence of all unfair dealing in the seller, I am unwilling to disturb the verdict. (533)