Selden, J.
The doctrine of implied warranty of title applies with no less force to the sale by one person of a judgment recovered in the name of another, than to the sale of a mere personal chattel. It is founded on the presumed superior knowledge of the vendor on the subject, and this presumption would certainly be as strong upon the sale of such a judgment, when the evidence of the vendor’s title must rest in contract alone, as upon that of a chattel *440 which is susceptible of q more open and visible transfer, This warranty, in case of a sale of a judgment, where lothing is said on the subject, must embrace a warranty ¿hat the judgment is due and unpaid. The vendor is presumed to have the means of knowing how this is; while the sendee is not supposed to have this knowledge. The vendor is held liable upon an implied warranty, in such a case, upon a principle precisely analogous to that upon which he is bound to respond, when upon the sale of a chattel he. conceals some latent defect. The only difference is, that in one case the scienter must be proved; in, the other it is presumed. There is an implied warranty as to quality as well as title, upon every sale of a chattel, when the circumstances are such as to imply a knowledge by the vendor of the defects in quality; as where a manufacturer sells articles having defects growing out of the process of manufacture. The warranty in such a case rests upon precisely the same principle as the implied warranty of title. Wheresoever the knowledge of a defect not disclosed, whether it be of title or of quality, is presumed, the vendor is liable upon a warranty; and whenever the knowledge is proved, he is liable for a fraud. It is a warranty in the one case and not a fraud, simply because fraud cannot be predicated upon a mere legal presumption.
It follows that, when a judgment for a specific amount is assigned, nothing being said about any payment, and it turns out that payments have been made, whether this be regarded as a defect of title or quality, it is a violation of the implied warranty, because the assignee must of course in ordinary cases be presumed to have better means for knowing the facts than the purchaser.
There may, undoubtedly, be cases to which this presumption would not apply; as when a judgment is transferred to one who has had charge of its collection, under such circumstances as would raise a presumption that he was privy to the payments. But these are exceptions. As a *441 general rule, the superior knowledge of the assignor would be presumed, and there is nothing in the present case to repel that presumption.
It is clear, therefore, that the law would raise an imq ied warranty, on the part of the defendants here, that ‘he whole amount of the judgment remained due and unpaid except so far as such warranty may be either preclude! or limited by the terms of the written assignment. The expression which that assignment contains, that “ the assignors warrant their title and power to convey the same (i. e., the judgment) only to the extent of the consideration paid,” is plainly a mere limitation of the amount for which they are to be held liable upon the warranty of title. I regard this not as a substitute for, but as a recognition of the implied warranty, and a limitation of the liability upon it. But it is immaterial whether it be so regarded, or as an express warranty superseding that which the law would imply. In either case the limitation is not upon the extent of the title warranted, but of the liability of the assignors in case of its failure.
It is impossible to consider, this as a warranty merely that the amount due upon the judgment was equal to the amount of the consideration paid. If, then, there is any limitation of the implied warranty, that the whole amount of the judgment was due, it must be found in that clause which assigns to the plaintiff “ the said judgment, and all sums collected thereon, and all securities for the same, held as collateral by us, (i. e., the assignors), or said Gloldthwaite, or any one else, for our benefit, and in case said judgment be now paid, or in any manner discharged or transferred to any one else, we assign the proceeds or price of such settlement or sale.” This clause is susceptible of two constructions. The doubt is whether or not the words “ for our benefit” were intended to apply to and to qualify the phrase “ all sums collected thereon,” or are limited in their application to what follows in regard to collateral securities. I do not *442 see, however, that the defendants .are able to escape responsibility under either construction. • If the words are disconnected, then they have undertaken to assign all sums paid upon the judgment, either before or after the assignment ay Brown to them ; and are, of course, bound by an implied warranty that those sums belong to them, and that they had a legal right to make such assignment. But if, on the other hand, the words “ all sums collected thereon” are limited to sums collected for the benefit of the defendants, that is after the assignment to them, then the implied warranty that the whole judgment was due and unpaid, is only limited by the suggestion that certain sums may have been paid, or certain arrangements made, since the assignment to the defendants, which sums they transfer in lieu of so much of the judgment.
By no construction can the assignment be made to allude to any payments upon, or proceeds of the judgment, except such as the defendants assume to transfer. We are not to (ose sight of the fact, that the defendants are presumed to have known the true situation of the property they undertook to sell, and that the law requires perfect good faith on their part towards the purchasers. Upon any other principles than those which have been assumed this judgment might, with the exception of five dollars, have been fully paid to Brown before his assignment to the defendants, and still the plaintiff, although led to suppose that the whole was due, would have been remediless. I have no hesitation in holding that the defendants are liable either upon an implied warranty that they had title to, and a right to transfer all sums paid upon the judgment, whether received before or after the assignment to them; or upon a similar warranty that the whole amount of the judgment was due-except such sums as had been paid thereon, to them,, or for their benefit.
In regard to the measure of damages, I see no reason why the principle which has been generally applied to
*443 cases of warranty, where title to a part only of the property sold has failed, is not applicable here.. The plaintiff, in such cases, is permitted to recover such proportion of the whole amount which he would be entitled to recover upon the failure of the title to the entire property, as the value of that portion of the title which has failed bears to the value of the whole. (Morris v. Phelps, 5 John., 49.) This is a strictly equitable principle, and one which, I think may be properly applied to this case. If the title to th whole judgment had failed, the plaintiff could have recovered only $2586. Should he be permitted to recover the same amount, upon a failure of the title to one-half, the residue being perfectly good and collectable ? I think not. It cannot be distinguished, in principle, from the case of a conveyance of a certain quantity of land, the title to a part of which only, is invalid. It may be said that the title is to be regarded as good and available for the amount actually paid upon it, but may be worthless as to the residue. This is a matter of proof. The presumption, in the absence of all evidence, would be that the whole was collectable, and the burden would be upon the plaintiff, if he claimed to recover more than the proportion.
The judgment of the Supreme Court should be reversed, and there- should be a new trial, with costs to abide the event.
Comstock, Johnson, Paige, and Shankland, Js., concurred, without, however, passing upon the question last discussed by Selden, J., in regard to the measure of damages. Denio and Bowen, Js., dissented; Brown, J., did not hear the argument, and took no part in the decision.
New trial ordered.