## Bowser *versus* Cessna.

1. Damages against a party refusing to comply with his bid at a sale, is not an enforcement of the contract of sale.

2. An action for the whole purchase-money would be the enforcement of the specific performance of a parol contract.

3. The damages to be recovered are the difference between the value of the property at the time of the breach and the sum agreed on as the price.

4. When a vendor, not wilfully or fraudulently, but because he is unable to make title, does not fulfil his contract, the vendee can recover only what he may have paid and his expenses, not damages for the loss of his bargain.

5. The measure of damage on a resale, when it was public, fairly conducted, after full notice to the public and the vendee, upon as advantageous terms as the first, is the difference of price.

May 11th 1869. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Bedford county :* No. 34, to May Term 1869.

This was an action of assumpsit brought, December 11th 1867, by John Cessna against Jonathan Bowser.

The cause of action arose upon the following facts. The plaintiff being the owner of certain real estate, exposed it to public sale on the 31st of August 1867, and it was struck down

to the defendant for $2600. The terms of sale were, two-thirds of the purchase-money to be paid in hand and the remainder in one year, possession to be delivered on the 1st of October 1867. About the 25th of September the defendant gave the plaintiff notice that he would not take the property. The plaintiff, on the 1st of October, tendered the defendant a deed, and notified him that if he did not comply with the terms of sale before the 31st of that month he would resell the property and sue the defendant for any difference in price and for damages, expenses, &c. The defendant did not comply with his bid and the plaintiff advertised the property in the same way, and upon the same terms, and it was sold at public sale, on the 31st of October, for $2125, the expenses being $16.50, making the whole difference $491.50. For this the suit was brought. There was proof on the trial that the property was worth as much at the second sale as at the first.

The court (King, P. J.) amongst other things charged :—

" That the plaintiff is entitled to recover some damages for this breach of contract is not denied, but it is insisted that the only measure of damages is the expenses incurred by plaintiff in making the second sale and the cost of the deed and stamps, and that beyond this the jury cannot go ; that the damages cannot be measured by the difference between the sales, as that would be equivalent to enforcing the contract, and in contravention of the statute of frauds, the contract being by parol. We do not assent to this view of the law. While it may be true that a specific execution of the contract could not be enforced, or what would amount to the same thing, that the whole of the purchase money could not be recovered from the defendant, we believe that the plaintiff is entitled to recover in this action, the full amount of the loss and damages he has suffered by reason of defendant's refusal to take the land at his bid.

" What is the amount of this loss ? Manifestly the difference of the price on the resale of the property. To this should be added the expenses and loss of time incurred by the plaintiff in preparing for, and conducting the resale and cost of deed tendered to Bowser."

The verdict was for the plaintiff for $491.50.

The defendant having removed the case to the Supreme Court, assigned for error the portion of the charge given above.

*Spang & Russell* and *Longenecker*, for plaintiff in error.

There was no paper-book or argument for the defendant in error.

The opinion of the court was delivered by

SHARSWOOD, J.—Had this been an action to recover the amount of the purchase-money bid at the sale it would have been open to the objection that it would enforce the specific perform

[Bowser *v*. Cessna.]

ance of a parol contract for the sale of land. It would in effect compel the vendee to take the property by obliging him to pay the full value: Ellett *v*. Paxson, 2 W. & S. 418. But it is too late to say that a recovery of damages is in any such sense an enforcement of the contract. The 4th section of the English Statute of Frauds and Perjuries, 29 Car. 2, c. 3, prohibiting such actions, was purposely omitted from our Act of March 21st 1772 (1 Smith 389); and although it was enacted by the 5th section of the Act of April 22d 1856 (Pamph. L. 533), that section was repealed the year following by the Act of May 13th 1857 (Pamph. L. 500). Recoveries in actions of this nature have been sustained in our courts from the earliest periods: Bell *v*. Andrews, 4 Dall. 152; Ewing *v*. Tees, 1 Binn. 450. It is equally well settled that the damages to be recovered is the difference between the value of the property at the time of the breach and the sum agreed on as the price: Ellett *v*. Paxson, 2 W. & S. 418. It is true that where a vendor, not wilfully and fraudulently, but because unable to make title, has not fulfilled his contract, the vendee can only recover back what he may have paid and the expenses to which he has been subjected, but not the damages sustained by the loss of his bargain: Dumars *v*. Miller, 10 Casey 319; but that is not because the agreement is by parol. The same rule applies to written contracts and depends upon different principles to which it is unnecessary at present to advert. The objection of want of mutuality of remedy has therefore no application.

The only question which remains is whether the learned judge below was right in instructing the jury that the measure of damages, where there has been a resale, is the difference between the price agreed to be paid by the vendee and that obtained on the resale. It is predicated of course of the undisputed facts in the case that the resale was a public one, fairly conducted, after full notice to the public and the vendee, upon the same or as advantageous terms as the first, in short, that it was bonâ fide. Why should not the difference of price be adopted as the true test of the difference of value? When we speak of value we mean market value. The rule has been universally acted upon in reference to the sale of chattels, and the Statute of Frauds being out of the way there is no reason why the harmony of the system should not be preserved by resorting to it also in sales of realty. "It seems to be well settled," says Mr. Sedgwick, "that the vender can resell if he see fit, and charge the vendee with the difference between the contract price and that realized at the sale:" Sedgwick on Damages (1st ed.) 282, citing Langfort *v*. Tiler's Adm., 1 Salk. 113, s. c. 6 Mod. 162; Cudder *v*. Rutter, 5 Vin. 538; Sands *v*. Taylor, 5 Johns. 395; to which add Girard *v*. Taggart, 5 S. & R. 19. But the very point has been decided by this court in Ashcom *v*. Smith, 2 Penna. R. 211, in which Chief

[Bowser v. Cessna.]

Justice Gibson delivering the opinion of the court says : " When the vendor has acted bonâ fide and with reasonable care, the measure of damages is the difference of price on the resale. But his conduct may be so grossly improper as to cast a loss from it on himself, as when the resale is wantonly delayed while the land is notoriously falling in price, or the business is managed negligently : these and many other circumstances may be properly left to the jury." The same rule is reaffirmed in Tompkins v. Haas, 2 Barr 74.

Judgment affirmed.