# Weast, assignee, *versus* Derrick.

1. Where a purchaser of land at a public sale fails to comply with the conditions of sale, he can only be held liable for the deficiency in price caused by a second sale when the conditions of the second sale are the same, or are not more onerous than those of the first sale.

2. The fact that the court prescribed the terms of the second sale has no bearing upon the question of the purchaser's liability.

3. In an action by the vendor against the purchaser to recover damages for failure to comply with the conditions of a public sale of land, the plaintiff cannot recover, under a count in his narr., the amount of a note given by the purchaser as hand money.

[Weast *v.* Derrick.]

May 9th 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Cumberland county :* Of January Term 1882, No. 157.

Assumpsit, by John Weast, assignee for the benefit of creditors of J. W. Henry, against Peter Derrick.   The plaintiff, in his narr., claimed to recover the difference between the price at which a certain tract of land was struck off to defendant at a sale made by the plaintiff, as assignee for creditors, on February 21st 1877, the terms of which the defendant failed to comply with, and the price which it brought when subsequently sold by plaintiff, under an order of court, on January 10th 1878.   By leave of the court, the plaintiff afterwards filed an additional count to his narr. upon a promissory note for $546, given by the defendant to plaintiff, at the time of the first sale, as hand money.

Pleas, non assumpsit, payment with leave, etc.

On the trial, before HERMAN, P. J., the evidence adduced by the plaintiff, showed the following facts :

On February 21st 1877, the plaintiff, Weast, as assignee for the benefit of creditors of one Henry, exposed to public sale a certain farm of about 160 acres, part of the assigned estate, the terms of sale being : ten per cent. of the purchase money payable on the property being stricken off, the remainder of the one-half on April 1st 1877, one-half the balance on April 1st 1878, and the remainder on April 1st 1879, with interest on the last two payments from April 1st 1877.   At this sale the property was struck off to the defendant, Derrick, at his bid of $39 per acre. Derrick thereupon gave his note for the ten per cent., $546, which was accepted by Weast.   Derrick thereupon rented the farm, and his tenant went into possession April 1st 1877.   Upon the same day, Weast tendered a deed to Derrick and demanded the instalment of purchase money then payable.   Derrick refused to accept the deed unless Weast would accept as part of the purchase money a judgment held by Derrick against a third party.   Subsequently, in November 1877, Derrick refused absolutely to comply with the condition of the sale.   Weast thereupon, after notice to Derrick, applied for and obtained from the Court of Common Pleas an order of sale under the provisions of the Act of February 17th 1876 : P. L. 4.   The terms of this second sale, as fixed in the order of court, were : ten per cent. of the purchase money payable on day of sale, the remainder of the one-half on April 1st 1878, and the balance on April 1st 1879.   At the second sale, on January 10th 1878, the property was sold to one Ahl, for $30.25 per acre.

At the close of the plaintiff's testimony, the court, on motion of defendant's counsel, entered a nonsuit on the ground that the conditions of the second sale were different from those of

[Weast *v.* Derrick.]

the first, and were clogged with terms unfavorable to the obtaining of as high a price as the land would likely have brought, if sold on the same conditions as those of the first sale; and further, because the plaintiff could not, in this action, in disaffirmance of the contract, recover upon the defendant's note, which was given as part of the purchase money under the contract.

The court subsequently refused a motion to take off the nonsuit, whereupon the plaintiff took this writ of error, assigning for error the entry of the non suit, and the refusal of the court to take it off.

*S. Hepburn* and *W. F. Sadler* (*M. Williams* with them), for the plaintiff in error.—There is no rule of law that the terms of the second sale must be identical with those of the first sale. It is a question of good faith. But in a sale under an order of court there can be no question of bad faith. The terms of the second sale were not such as to affect the price. In both sales, the one-half of the purchase money was to be paid on April 1st following the sale, and while the remaining one-half was by the first sale to be made in two yearly payments, and in the second sale by one yearly payment, in both the whole money was to be paid by the same day, April 1st, 1879. These terms were more favorable than the law requires, as in strictness the whole purchase money is payable upon the confirmation of the sale: Tomlinson's Appeal, 9 Norris 224. The default of the defendant made recourse to the court a necessity, and when he received notice that the application would be made, he knew that the terms would be such as would be required by law, and he cannot now escape the results of his own default: Bowser *v.* Cessna, 12 P. F. S. 148; Singerly v. Swain's Administrators, 9 Casey 102. This case is not within the principle of Banes v. Gordon, 9 Barr 426, but is within the exception there noted in the opinion of the court.

Under any circumstances, we were entitled to go to the jury and recover on the note given for hand money. The defendant took possession, and, if he had paid the hand money in cash, we would be entitled to retain it.

*John Hays* and *A. B. Sharpe*, for the defendant in error.— The plaintiff had either of three courses to pursue : to sue in equity for specific performance ; to sue on the contract for the purchase money ; or to sue in case for the difference in price, in repudiation of the contract. He chose the latter. Hence he cannot recover in this action on the note, in affirmance of the contract.

Under the first sale, which was a private sale, the purchaser was entitled to demand a perfect title ; under the second sale, which was a judicial sale, the principle of caveat emptor applied.

[Weast *v.* Derrick.]

The terms of payment of the purchase money at the second sale were clearly more onerous. Hence the non suit was properly entered: Banes *v.* Gordon, 9 Barr 426; Paul *v.* Shallcross, 2 Rawle 328; Freeman, assignee *v.* Husband, 27 P. F. S. 389.

Mr. Justice TRUNKEY delivered the opinion of the court October 2d 1882.

Each sale was made in the beginning of the year, one in 1877 and the other in 1878, the purchaser to take possession on the first of April following. The first was for $39 per acre, ten per centum to be paid in hand, the balance of one-half on April 1st 1877, one-fourth on April 1st 1878, and one-fourth on April 1st 1879, with interest on the last two payments. This sale was at auction, but not by authority or under control of the court. The second was under an order of the court, for $30.25 per acre, payable, ten per centum at the time of the sale, one-half the balance on the April 1st 1878. and the other half in one year thereafter, with interest, the purchaser to pay the taxes for 1878, and to have one-half of the grain in the ground. To note the stipulations of these contracts is the shortest way to show their diversity.

This action is for recovery of the difference of price. As the cause was presented, the plaintiff was entitled to recover the difference, or nothing. The second sale was made in good faith, and in such manner that, had its terms been the same or as advantageous as in the first, defendant would be liable for the difference of price between them: Bowser *v.* Cessna, 62 Pa. St. 148. Sales, public or private, are precisely what the contract of the parties make them, and a sale in pursuance of an order of the court is governed by the prescribed terms, the same as the accepted terms of a sale made without judicial order. When the re-sale is for a less price, upon other terms than the first, the vendor cannot compel the first purchaser to make good the loss. The basis is shifted. To refer such a case to the jury, would introduce an uncertain measure of damages, whereas the only measure is the difference between the price of the first and second sale: Banes *v.* Gordon, 9 Pa. St. 426. Here, the plaintiff, instead of attempting to enforce payment of the purchase money, proceeded under the statute of 1876 to obtain a judicial order of sale which in itself created conditions and rights of vendor and purchaser materially variant from those in the first contract. The fact that the court prescribed the terms of the second has no bearing upon the question at issue. Those terms were made upon the plaintiff's motion, but no matter how made, it is essential to his case that the second sale was not loaded with heavier terms than the first.

The note was given for part of the purchase money on a contract for sale of land. It is evidence of indebtedness for one

[Newell's Appeal.]

of the instalments, but it does not survive the contract. The plaintiff sues for damages ; he has sold and conveyed the land to another, and, if he fails to establish his right to damages, he shall not chop round and recover purchase money.

Judgment affirmed.