Per Curiam,
The facts of this case are clearly and concisely stated in the charge of the learned trial judge, and need not be restated. The general question is, what is the measure of damages in an action to recover damages for the nonperformance by the ven *65 dee of a parol contract for the sale of lands at public auction? In the statement of the question we have spoken of the sale as a parol sale, by which is meant that while the vendee signed the memorandum in the auctioneer’s book, no written memorandum of any ldnd was signed by the vendor. The plaintiff was allowed to recover the difference of price on a resale. The resale, it is to be noticed, was within about nine weeks after the first sale, and, according to the implied finding of the jury, upon the same terms and conditions. There was no unreasonable delay while the land was falling in market value, and no evidence which would prevent the application of this measure of damages, if it is ever applicable to a parol contract for the sale of real estate at auction. On the contrary, the facts are undisputed that the resale was a public one, fairly conducted, after full notice to the public and the vendee, upon the same or as advantageous terms as the first; in short, that it was bona fide. Upon such a state of facts it was distinctly decided in Bowser v. Cessna, 62 Pa. 148, that the measure of damages is the difference of price on the resale. We see no ground upon which this case can be ruled differently if that decision is still authoritative. It is very earnestly urged by the appellant’s counsel that the trend of later decisions is towards abolishment of the distinction between public and private sales, and establishment of the rule that on any parol contract for the sale of land all that can be recovered is the actual damage, and not damages for the loss of the bargain. But the case of Bowser v. Cessna has been recognized in several late decisions, amongst which may be mentioned Pepper v. Deakyne, 212 Pa. 181, wherein it was distinctly declared upon the authority of that case that a defaulting bidder is hable for the loss occasioned by his failure to comply with the terms of sale, and that the measure of damages is the difference of price on a resale, fairly conducted, upon terms not less advantageous to the purchaser than the first. Notwithstanding the earnest argument of the appellant’s counsel we cannot regard the question raised by this appeal as an open one, but must regard Bowser v. Cessna as authoritatively determining it against his contention.
The judgment is affirmed.