OCTOBER AND NOVEMBER TERM, 1881, No. 128.

## Hare *versus* Bedell.

1. A defaulting purchaser at a sheriff's sale of real estate is not liable to respond in damages for loss on resale of the property, if it appears that under the former sale he would have acquired a more valuable title than that which passed to the purchaser at the latter sale.

2. Where, therefore, the latter sale was made under a writ issued upon a judgment entered subsequently to the entry of the judgment under which the former sale took place, and between the dates of the entries of the two judgments defendant had conveyed the property to his wife, the defaulting purchaser at the former sale was held not liable.

3. It is not competent to contradict the return on a writ to the effect that a sale had been made under that writ, by showing by parol that in fact there were two writs in the hands of the sheriff at the same time, and that the sale was made under both.

ERROR to the Court of Common Pleas, No. 1, of *Allegheny County.*

Assumpsit by John H. Hare, late sheriff, for use of Joel Bedell, for use of Margaret J. Bedell, against A. W. Bedell, to recover the difference between the amount produced by the sheriff's sale of certain real estate and costs, and the amount bid by defendant at a previous sale with its costs, which bid he had failed to pay.

Upon the trial in the Court below, before STOWE, J., the following facts appeared:

W. & R. Caughey *to use* obtained a judgment against Joel Bedell, September 25th, 1874, for $600, with waiver of inquisition, condemnation, and exemption. Upon this judgment a *fi. fa.* was issued to October Term, 1875, No. 539, and levy made upon certain tracts of coal lands belonging to the defendant in Jefferson township. The sheriff made return to this writ that he had sold the premises October 9th, 1875, to A. W. Bedell, for $5050, and that the purchaser had failed to comply with the terms of the sale.

After the entry of the above judgment and before the sale Joel Bedell conveyed the premises by deed, dated November 19th, 1874, recorded November 30th, 1874, to his wife, Margaret J. Bedell.

A judgment was entered in favor of William Whigham to use against Joel Bedell, December 16th, 1874, with waiver of inquisition, condemnation, and exemption, upon which judgment a *fi. fa.* was issued, No. 205 of July Term, 1876. A *pluries fi. fa.* was also issued upon the Caughey judgment, No. 206 of July Term, 1876. The sheriff levied upon the land above described under both of these writs. Upon writ No. 206 he made return: " For return of this writ see *fi. fa.* No. 205, July Term, 1876." Upon writ No. 205 he made a

special return, setting forth that he had made sale July 7th, 1876, " by virtue of this writ," of the within described premises to William Bedell for $4500, he being the highest and best bidder and that being the highest and best price, and further setting forth the application of the purchase-money, which included the Caughey judgment, and, " To costs on this writ and on *fi. fa.* No. 206, July Term, 1876, $283.10."

The deed from the sheriff to William Bedell, the purchaser, acknowledged October 7th, 1876, and duly recorded, recited a sale only under the writ issued upon the Whigham judgment.

The plaintiff called the sheriff and asked him:

" Q. Will you look at those returns to executions, Nos. 205 and 206, July Term, 1876, and state whether the property was sold on both of those writs ?"

Objected to as incompetent, irrelevant, and that the record is the best evidence. The Court sustained the objection under exception.

Counsel for defendant asked the Court to charge, *inter alia :*

" 2. That the first sale, at which defendant bid $5050, was made on execution No. 539, October Term, 1875, issued on the judgment of William and Robert Caughey against Joel Bedell, No. 311, November Term, 1874, entered September 25th, 1874, and this judgment being prior in date to the deed to Margaret J. Bedell (November 19th, 1874), that sale, if completed, would have extinguished the title of Margaret J. Bedell, as well as the lien of all judgments against Joel Bedell prior to her deed. And the last sale to William Bedell for $4500 appearing by the sheriff's return and deed to him to have been made on execution No. 205, July Term, 1876, at the suit of Whigham, for use, on judgment No. 183, January Term, 1875, entered December 16th, 1874, after the date and record of the deed from Joel Bedell to his wife, Margaret J. Bedell, that sale would only pass a right to the purchaser to contest her title under her deed on the ground of fraud, and would not discharge the lien of any judgments against Joel Bedell prior to the date of her deed. And if she consented to treat this last sale as if it had been made on execution No. 206, July Term, 1876, then in the sheriff's hands at suit of W. & R. Caughey, on judgment No. 311, November Term, 1874, and claimed and received by virtue of her deed the balance of the purchase-money after prior liens, such distribution would not bind this defendant, who was not a party thereto. But the amount thus applied to liens prior to her deed, $788.40, added to the price bid at the last sale, $4500, would make $5288.40, an

[Hare *v.* Bedell.]

amount greater than the defendant's bid at the first sale, $5050. And if she chose to relinquish her claim of title to the land after this last sale and to take the proceeds of this sale after discharging prior liens ($788.40) she cannot recover against this defendant in this action, for if she had not chosen to participate in the distribution of the proceeds of the last sale she would not have been affected by it if her title was not fraudulent as to the creditors of her husband.

" 3. This defendant, not being a party to the controversy about the distribution of the money arising from the last sale, is not affected in any way nor bound by the decree of the Court therein, and the last sale on execution No. 205, July Term, being of a different and less valuable title than that on execution 539, October Term, 1875, on which defendant bid, he cannot be charged with the difference between them for not making his bid good."

The Court affirmed these points and charged the jury that under the evidence the defendant was entitled to their verdict.

Plaintiff excepted to the answers, and the charge.

January 5th, 1880, verdict for the defendant, upon which judgment was entered.

Plaintiff then took a writ of error, assigning as errors the answers to the points, the charge, and the rejection of the testimony as above set forth.

Subsequently, on the 23d of December, 1880, upon the petition of William Bedell, the purchaser, it having been shown that the sheriff's sale was made upon writ No. 206 as well as upon writ No. 205, the Court ordered and decreed that the return to writ No. 206 should be amended accordingly, and directed the sheriff to execute a deed to the said William Bedell reciting a sale under both writs.

*Joseph Forsythe* for plaintiff in error.

If this judgment is not reversed the plaintiff is without remedy. The defendant was a defaulting bidder, and if the last sale was made under writ No. 206 he is undoubtedly liable for the difference between the bids. In fact the sheriff sold on both writs. The Court held that the return on No. 206 imported nothing or was void for uncertainty. *Id certum est quod certum reddi potest.* If instruments are connected together by a reference one to the other they are to be construed together: Clippinger *v.* Miller, 1 P. & W., 72; Kennedy *v.* Ross, 1 Casey, 256; 2 Parsons on Con., 503.

. If the return is ambiguous such construction will be put on it as will conform to the presumption that he has done his duty : Phillips *v.* Kuhn, 7 Phila., 146.

[Hare *v.* Bedell.]

The Court plainly erred in rejecting evidence explanatory of the return. A sheriff's sale may be proved otherwise than by the production of the return : Emley *v.* Drum, 12 Casey, 123 ; Scott *v.* Sheakly, 3 Watts, 50 ; Hoffman *v.* Danner, 2 Harris, 25.

Parol evidence is admissible to explain ambiguity in the return : Shoemaker *v.* Ballard, 3 Harris, 92 ; Titusville Novelty Iron Works' Appeal, 27 P. F. Smith, 103.

It has been a custom where a sale was made upon two writs to make return *in extenso* on one, and refer to it on the other. At most it was amendable.

*C. Hasbrouck* for defendant in error.

The parol evidence offered was incompetent to contradict or change the effect of the sheriff's return of sale of real estate on the writ. His return is the best evidence. If defective it must be corrected in the manner provided by the statute with notice to all parties: Act of June 16th, 1836, sec. 94 ; Act of April 21st, 1846, sec. 1.

The question was, whether a sale was made or not, and on that depended the *quantum* of the estate sold at the last sale.

Whether a sale was made on that writ, to whom, at what time, or for what price, was not indorsed on it or annexed to it.

The opinion of the Court was delivered, November 7th, 1881, by STERRETT, J. :

It is very clear that a defaulting purchaser at sheriff's sale is not liable to respond in damages for loss on resale of the property, if it appears that under the first sale he would have acquired a more valuable title than that which passed to the purchaser at the last sale, or that the terms of the first sale were more advantageous to the purchaser than those of the resale. The obvious reason of this is, that the inferior quality of title, or the less advantageous terms of sale would naturally effect a reduction of price, and we would be left without any reliable standard by which to measure the loss sustained by the refusal of the purchaser at the first sale to make good his bid.

The main ground of defence in this case was, that the title sold and conveyed at the last sale was far inferior in quality to that which would have passed to the defendant by the first sale, if he had paid his bid and received a deed. The first sale was by virtue of an execution based on the Caughey judgment against Joel Bedell, entered September 25th, 1874; prior to the conveyance of the property by the defendant in

that judgment to his wife.  It is, therefore, clear that if the sale had been consummated, it would have extinguished the title of Mrs. Bedell as well as the lien of all judgments against her husband, entered prior to the date of his conveyance to her. If the last sale was made solely on the Whigham judgment, entered December 14th, 1874, after the conveyance to Mrs. Bedell, it would pass to the purchaser only the right to contest her title, under the deed from her husband, on the ground of fraud, and would not discharge the lien of any judgments entered against him prior to the date of the conveyance: Byrod's Appeal, 7 Casey, 241; Fisher's Appeal, 9 Casey, 294, and Hoffman's Appeal, 8 Wright, 95.  The following special return is indorsed on the Whigham writ, viz.: "I do certify that by virtue of this writ, to me directed, etc., I did expose the premises within described to sale by public vendue or outcry and . . . . sold the same to William Bedell for $4500," etc.  His deed to the purchaser also recites the Whigham judgment, execution, and sale by virtue thereof, and makes no mention of any other judgment or execution. Upon this state of facts, it cannot be doubted that the quality of the title acquired by the purchaser is far inferior to that which would have passed to the defendant if the sale to him had been consummated.  To meet the difficulty thus presented the plaintiff relied on the fact that there was in the sheriff's hands, at the same time, a *pluries* writ on the Caughey judgment, above mentioned, on which the following return was indorsed: "For return of this writ, see *fi. fa.*, No. 205, July Term, 1876."

The execution thus referred to is the Whigham writ.  In connection with this, the plaintiff offered to prove by the sheriff that the sale was in fact made on both writs, but the learned judge excluded the testimony as incompetent, and in so doing we think he was clearly right.  When the return of the sheriff and the recitals in his deed show a sale on one writ only, it would be a dangerous precedent to permit him or any one else to come in on the trial of a cause and prove that the sale was also made on another writ at the same time; to do so would greatly impair the security of titles based on sheriff's sales, and at the same time encourage official carelessness, of which there is quite enough already.

The act of June 16th, 1836, prescribing the manner in which judicial sales of real estate shall be evidenced, requires that "the officer making sale of any real estate under execution . . . shall make return thereof, indorsed on or annexed to such writ, and give the buyer a deed duly executed and acknowledged:" Purdon, 658, pl. 119.  In thus requiring that the return shall not only be in writing, but also in-

[Canan v. McCamy.]

dorsed on or annexed to the writ, and that the sale shall be further evidenced by a deed to the purchaser, it was surely not contemplated that the return so made might afterwards be explained by parol testimony to mean something else. The act of April 21st, 1846, makes ample provision for the correction or amendment of defective or informal returns: Purdon, 6, 59, pl. 130. After the trial of this case, the return in question was amended, in the regular and orderly way, at the instance of the defendant; but that cannot affect the question under consideration. It was not amended at the time of the resale. The state of the record as it then stood was such as to admonish bidders that the quality of the title then offered was inferior to that which would have passed by the first sale, and consequently the property would bring less than it did at the first sale.

For these and other reasons that might be added we are of opinion that the testimony offered by the plaintiff was rightly excluded.

Judgment affirmed.

MERCUR, J., dissents, as there was amply sufficient to amend by, and the parol evidence should have been received.