## George H. Helfrich, Receiver of the Ashland Savings Bank, Plff. in Err., *v.* Joseph M. Freck.

· When defendant's demurrer to the declaration was overruled, and plaintiff did not request judgment *quod recuperet*, it was not error to proceed to trial upon a plea to the merits, when no objection to such course was taken in the court below.

Upon a judicial sale and a failure of the purchaser to perform its terms and a resale and a deed made thereon, the first purchaser is not liable for the sum bid by him, but only for the difference between the sum bid and the sum for which the property was afterwards resold.

He is not liable for such difference where the second sale took place while the first stood confirmed and unrescinded. Where the conditions of the second sale are not the same as the first, but are less favorable to the purchaser, the difference between the sums bid cannot be recovered.

. (Decided October 4, 1886.)

Error to the Common Pleas of Columbia County to review a judgment of compulsory nonsuit in an action of covenant. Affirmed.

The facts are set out in the following opinion of the court by ELWELL, P. J., discharging the rule to take off the nonsuit:

This is an action in covenant in which the plaintiff in one count of his declaration seeks to recover the amount bid by the defendant at an auction sale of real estate, and in another count, the difference between the sum bid and the sum for which the property was afterwards resold.

In order to understand the true merits of the case, and the

NOTE.—Where a demurrer is overruled, a judgment of *quod recuperet* should be entered. Fidelity Ins. Trust & S. D. Co. v. Second Phœnix Bldg. & L. Asso. 17 Pa. Super. Ct. 270. If the action is for damages, these must be assessed by a jury. Logan v. Jennings, 4 Rawle, 355. But the defendant cannot complain if the judgment is *respondeat ouster*. Bauer v. Roth, 4 Rawle, 83.

reasons for our conclusions, a brief summary of the facts eliminated from the documentary and oral evidence introduced by the plaintiff on the trial is necessary; omitting unimportant details, the facts may be thus stated:

On the 25th day of August, 1875, George H. Helfrich, the plaintiff, was appointed by the court of common pleas of Schuylkill county sitting in equity, receiver of the assets of the Ashland Savings Bank, an insolvent corporation, with authority by the decree of said court, implied by the words thereof, which were as follows:

"The court appoints George H. Helfrich receiver of assets and property of the Ashland Savings Bank at the period of its insolvency, and directs that he give bond" with sureties to be approved by the court, which was done.

On the third day of May, 1876, an act of assembly was passed authorizing the receiver to sell the real estate of said corporation at public sale, for cash or on credit; if on credit, the purchase money to be secured on the real estate sold, together with other security if deemed necessary by the court of common pleas of Schuylkill county, such sale to be subject to the approval of said court; good and sufficient deed to be made and acknowledged before the court, and a minute of such acknowledgment to be made on the records of the court. Pamphlet Laws, 1876, p. 199.

On the 22d day of July, 1876, the receiver, by virtue of the act of assembly, exposed two parcels of real estate described in the declaration filed in the case, to sale by a public vendue, and on the bid of the defendant of $7,500 struck the same down to him. The conditions of the sale which the defendant, by writing under seal, acknowledged as the terms on which he had purchased the property, were that 10 per cent of the bid should be paid at the time of striking down the property, "as a forfeit in case of noncompliance with the conditions of sale;" 23⅓ per cent of the purchase money to be paid upon the execution and delivery of a deed of conveyance of the premises, executed and acknowledged as provided by the act of assembly, and the balance, 66 2/3 per cent, with interest on or before the first day of April, 1877.

Immediately upon the striking down of the property and the signing of the conditions by the defendant, the plaintiff asked for $750. Nothing was paid at that time by the defendant, nor afterwards, on account of the purchase money.

At some time between the 22d day of July, 1876, the day of the sale, and the approval thereof, the defendant said to the plaintiff he did not want the property.

On the 12th day of November, 1877, the plaintiff presented to the court of common pleas of Schuylkill county his petition setting forth the facts above stated in respect to the sale and conditions, and praying the court to confirm the sale. And thereupon the said sale was approved and confirmed by the court, which approval and confirmation were entered of record as follows:

"Now, to wit, Nov. 12, 1877, the within return of sale having been presented to the court, the court order and decree that the sale so made to the said Joseph M. Freck be confirmed, and that the premises so sold be and remain to the said Joseph M. Freck, his heirs and assigns forever.                         By the Court."

On the same day a deed was duly executed by the plaintiff to the defendant, reciting the authority to make the sale, and making the sale in pursuance thereof to the defendant and conveying the premises to him, his heirs and assigns, forever. This deed was acknowledged before the court in accordance with the act of assembly.

On the 15th day of December, 1877, the plaintiff tendered the deed to the defendant, who replied that he did not want the land.

On the 12th day of April, 1879, the receiver presented a petition to the court for an order of resale and for authority to bring suit against Mr. Freck. On May 31, 1870, an order was made directing a resale. Return of a sale made to E. T. Burke, on the 7th of July, 1879. A rule was entered upon A. P. Spinney and Joseph M. Freck to show cause why a deed should not be made to Burke. On the 12th of July, 1879, the court refused to confirm the sale and directed a second resale.

The next proceeding in the order of dates was an application on the part of the defendant, to set aside the confirmation of the sale to him, the record of which is as follows:

"And now, December 12, 1879, Mr. Parry, on behalf of Joseph M. Freck, moves the court to rescind the order of court made on November 12, 1877, confirming the sale reported by the receiver to have been made to Joseph M. Freck on July 22, 1876, on the ground that all the material facts relating to the alleged sale were not reported by the receiver to the court.

"And now, December 29, 1879, the above motion refused by the court.

"Presented in court December 12, 1879."

On the 7th of February, 1880, John H. Sell signed conditions of sale identical in terms with those which were signed by Freck at the time of the sale to him. Mr. Sell, in writing under seal, acknowledged that he had purchased the premises at the sum of $4,250.

No return of sale by the receiver to Mr. Sell appears on record in the court of Schuylkill county, and no approval of any sale to Mr. Sell appears except what may be inferred from the fact that on the first day of March, 1880, a deed was executed by the plaintiff to him in fee for the consideration of the sum above mentioned, and was acknowledged before the said court.

On the 26th day of April, 1880, the court of common pleas of Schuylkill county directed suit to be brought against the defendant, and thereupon, on the 6th day of July, 1880, this suit was instituted by the receiver in covenant.

The declaration filed on the 27th day of June, 1881, does not aver that the sale to the defendant was returned to or approved by the court. It sets forth the authority to sell, the sale to the defendant, his covenant as above stated, his failure to perform, and a resale for a less sum than his bid, and, as before stated, claims the difference between the two sales.

The additional count filed December 4, 1882, recites the appointment of the plaintiff as receiver, the act of assembly, the sale to the defendants for $7,500, and the terms and conditions before mentioned—the covenant of the defendant to comply with the terms of sale—and avers the approval and confirmation of the sale by the court, the making and acknowledgment of a deed to the defendant as required by the act, a tender of the same to him, and assigns as a breach of the covenant the nonpayment of the purchase money.

Upon these facts we were of opinion at the trial that the plaintiff was not entitled to recover. Whether our reasons then orally stated were sound or not is now of no moment. The question is, considering the facts as a case stated, Is the plaintiff entitled to recover? In disaffirmance of his liability to convey the title to the defendant, he has sold and conveyed the land to another, and therefore, as shown by himself, is not in a situation, nor was he at the time of instituting this suit, to convey an unclouded title to the defendant. It would be manifestly unjust after this action on the part of the plaintiff to compel defendant to pay the

purchase money and be put to the hazard and expense of a lawsuit with the grantee of the plaintiff.

If the plaintiff intended to hold the defendant to his covenant and compel him to pay the purchase money, no resale should have been made. By making such sale and executing and acknowledging a deed to the purchaser, whether such deed conveyed an indefeasible title to the purchaser or not, we think it clear that he thereby defeated any right which he might otherwise have had to recover the sum bid by the defendant at the auction sale.

The more difficult question in the case is whether the difference between the sum bid by the defendant and that for which the real estate was subsequently sold can, under the facts in evidence, be recovered from the defendant. Upon a careful examination of the case, I am compelled to the conclusion that notwithstanding the apparently inexcusable refusal of the defendant to pay the hand money at the time of the sale, the subsequent action on the part of the plaintiff is a defense against a claim for damages.

It is settled law that if a bidder at a public auction fails to comply with his bid, the property may be resold and the difference between the sales, if less at the last than the first sale, may be recovered against the first purchaser; and it is equally well settled that if the conditions of the second sale are not the same as the first, but are less favorable to the purchaser, the difference between the sums bid cannot be recovered. Banes v. Gordon, 9 Pa. 426.

"When the resale is for a less price upon other terms than the first, the vendor cannot compel the first purchaser to make good the loss. The basis is shifted. To refer such a case to the jury would introduce an uncertain measure of damages; whereas, the only measure is the difference between the price of the first and second sale." Weast v. Derrick, 100 Pa. 512; Hare v. Bedell, 98 Pa. 485.

On this point the authority of Singerly v. Swain, 33 Pa. 102, 75 Am. Dec. 581, is weakened if not expressly overruled by the case of Weast v. Derrick.

In the former case it was held that when the terms of the resale were fixed by the court, different from those at the first sale, the first purchaser is liable for the difference in price; but by the latter case the more reasonable rule must now be considered as

established. The court, per Trunkey, J., says: "The fact that the court prescribed the terms of the second [sale] has no bearing upon the question at issue. Those terms were made upon the plaintiff's motion, but no matter how made, it is essential to his case that the second sale was not loaded with heavier terms than the first."

In that case, as in this, an obligation was given by the first purchaser for the purchase money of the land. Held, that it did not survive the contract. "The plaintiff," says the opinion, "sues for damages; he has sold and conveyed the land to another, and if he fails to establish his right to damages, he shall not chop round and recover purchase money."

When the terms and conditions of a resale are more onerous than those of the first sale, the purchaser at the first sale is not liable for the difference in the sums bid at the sale and the resale, for the reason that it is conclusively presumed that the difference was caused, in whole or in part, by reason of the changed conditions. The reason of the rule that exonerates the bidder in that case applies with equal if not greater force to a case where the seller, between the first and second sale, shall have voluntarily done any act affecting the title, the tendency of which is to deter or affect bidding at the resale.

By the terms of the act of assembly, the validity and binding force of any contract made by the receiver for the sale of land was made to depend upon the judgment of the court of Schuylkill county. The plaintiff might have resold the property immediately after the signing of the memorandum by the defendant, the hand or forfeit money not being paid; but in order to complete the sale the approval and confirmation required by the statute were necessary. No time is fixed by the act when this must be done, but the clear intendment of the act is that it should be done in a reasonable time. A delay of sixteen months in reporting the sale to the court is neither necessary nor reasonable. But conceding that it was in time, and that the confirmation by the court, unappealed from by the purchaser, concluded him from contesting his liability to pay the purchase money, the question as to the effect of the confirmation and acknowledgment of a deed to the defendant upon a resale and conveyance to another person as a mode of fixing a measure of damages remains to be considered.

At the time of the subsequent sale to Mr. Sell, the record con-

tained a solemn judgment of the court that the prior sale made
to Joseph M. Freck be confirmed, "and that the premises sold·
be and remain to the said Joseph M. Freck, his heirs and assigns,
forever."

This judgment had stood upon the record for more than three
years when the resale was made, the court, in the meantime, and
within the space of two months before the resale, having refused
(on the application of the defendant) to rescind the order of con-
firmation.

After the confirmation, Mr. Freck had such an interest in the
land as was subject to the lien of a judgment. A sheriff's sale
on such a judgment would have entitled the purchaser to pay the
money to the receiver and require a deed. Jacobs's Appeal, 23
Pa. 477.

In reference to sales of this character, the rule is that until
the sale has been confirmed the bidding may be reopened and a
resale directed. The contract is not concluded until it becomes
indefeasible by confirmation. Waterman, Spec. Perf. p. 255,
§ 19.

While the judgment stood upon the record unimpeached and
unreversed, it was as conclusive upon the plaintiff that an equit-
able title or interest was vested in the defendant as it was that
he had become liable for the purchase money. Authorities need
not be cited in reference to the familiar principle that a judg-
ment rendered by a tribunal that has jurisdiction cannot be set
aside collaterally by the same tribunal, nor by another, though a
superior one, except, in the latter case, in the exercise of appel-
late jurisdiction.

The decision of the supreme court in Banes v. Gordon, 9 Pa.
426, recognizes this well-established rule. The supreme court
says, per Rogers, J.: "After confirmation of sale and failure
on the part of the purchaser to comply with the conditions, the
administrator had two courses to pursue: either to compel the
payment of the purchase money by action, or to have the con-
firmation of sale set aside, and proceed to a resale of the prop-
erty." Having adopted the latter, the conditions being changed
in the resale, it was held that the first purchaser was not liable
for the difference in price between the sales.

If this is still law, it is decisive of the question under con-
sideration.

The doctrine of that case was recognized by Trunkey, J., in

Weast v. Derrick, 100 Pa. 512, before cited. Its soundness has never been directly questioned. It therefore stands to-day as the law of this state.

The case of Singerly v. Swain, 33 Pa. 102, 75 Am. Dec. 581, does not overrule nor shake the authority of Banes v. Gordon. In the opinion delivered by Justice WOODWARD, no notice whatever is taken of the point that the resale was not regular and did not affect the first purchaser.

The attention of the court was wholly taken up by the consideration of the question as to whether the terms of the second sale, being different from the first, exonerated the first purchaser from the difference in bids. It was held that they did not, because the latter and harder terms were fixed by the court, a conclusion clearly overruled by the later case of Weast v. Derrick.

Without extending this opinion to greater length on this part of the case, we turn to the consideration of another matter which we deem conclusive against the right of the plaintiff to recover on this action. The condition of the title was different at the second sale from what it was at the first. The vendor at the very time of making the second sale was insisting that his sale to the defendant was a valid sale and that he intended to hold him for the purchase.

The court cannot say that this did not affect the bidding at the second sale. We think the legal presumption is that it did; and as there was no evidence to the contrary, there was nothing to submit to the jury.

We are still of opinion that the second sale was not effectual to charge the defendant with the difference in price between the sales. It was made more than three years after the first sale. It was made in the face of the record showing that it had been already sold. The preamble to the act of assembly recites that the receiver, under his appointment by the court as such, has no authority to sell the real estate. The court was charged only with the duty of confirming or disapproving sales as returned by the receiver. An order of sale by the court was therefore nugatory and of no effect.

Under all the facts we are of opinion that no error was committed in holding that the resale was not a fair test of the damages sustained by reason of the defendant's failing to make payment.

And now, November 18, 1884, rule discharged.

Judgment was entered for defendant, and plaintiff took this writ, assigning as error the action of the court: (1) In not holding that the overruling of defendant's demurrer was a judgment *"quod recuperet;"* (2) in making the following order: "February 12, 1884. Plaintiff's testimony being closed on motion of counsel for defendant, the court grant a nonsuit;" (3) in entering judgment of nonsuit; (4) in making the following order: "And now, November 18, 1884, rule discharged;" (5) in discharging the rule to take off nonsuit.

Further facts appear in the opinion.

*J. G. Freeze* and *Guy E. Farquhar,* for plaintiff in error.— The resale and the liability of Freck for the difference only is matter of defense in reduction of damages. Leeds v. Seery, 2 W. N. C. 223, 224.

A demurrer admits all such matters of fact as are sufficiently pleaded. The meaning of which is that the party having had his option whether he plead or demur shall be taken, in adopting the latter alternative, to admit that he has no ground for denial or traverse. 1 Saunders, Pl. & Ev. p. 431; Stephen, Pl. 161.

Where judgment is given in favor of the plaintiff on a demurrer it should be a judgment *quod recuperet* and not *quod respondeat ouster.* Bauer v. Roth, 4 Rawle, 83; Logan v. Jennings, 4 Rawle, 355; Stephens v. Myers, 12 Pa. 302; Troubat & H. Pr. Fish's ed. part 1, p. 492; Wood v. Anderson, 25 Pa. 407.

Where the action sounds in damages, as in covenant, judgment for the plaintiff on demurrer is interlocutory, and it is necessary before final judgment that damages should be assessed by a jury. Logan v. Jennings, 4 Rawle, 355.

This court, in the case of Jacobs's Appeal, 23 Pa. 477, has held that a purchaser at a judicial sale who fails to pay any of the purchase money after the confirmation of such sale by the court acquires no title, either legal or equitable.

The case of Banes v. Gordon, 9 Pa. 426, relied upon by the court below, does decide that an order annulling a confirmation of sale and directing a resale does not rescind the contract; but it does not decide that, if such an order is not made, the first purchase will be discharged upon a resale.

The cases of Hare v. Bedell, 98 Pa. 485, and Weast v. Derrick, 100 Pa. 509, decide only the familiar principle that where a purchaser of land at a public sale fails to comply with condi-

tions of sale, he can only be held liable for the deficiency in price caused by a second sale, when the conditions of the second sale are the same or not more onerous than those of the first sale, and the purchaser at the second sale would acquire as valuable a title as would have been acquired by the first sale.

*J. W. Moyer* and *G. E. Elwell*, for defendant in error.— After confirmation of sale, if not before, defendant in error had such an interest in the land as was subject to the lien of a judgment; and a sheriff's sale on such a judgment against him would have entitled the purchaser to pay the money to plaintiff in error and require a deed. Jacobs's Appeal, 23 Pa. 477.

If plaintiff in error intended to affirm the contract by enforcing payment of the purchase money, he should immediately after the sale have proceeded to have the same confirmed by the court; he should then have made and tendered a deed for the premises to defendant in error, and, upon nonacceptance of same, he should have filed the same in the prothonotary's office for the benefit of any purchaser, whoever he might be, under the judgment plaintiff in error subsequently would have obtained for the purchase money, in covenant, on the articles of agreement. Love v. Jones, 4 Watts, 473.

This action was in disaffirmance and rescission of the contract, and forever barred and estopped his recovery of the purchase money. Weast v. Derrick, 100 Pa. 512.

At the time of the sale to Sell, the decree of the Schuylkill county court on the sale to Freck had stood upon the records of that court for more than three years. It could never be questioned or impeached in the same or any other court, except for fraud, but was absolutely conclusive of everything contained in it until set aside or rescinded by the same court, or reversed in the exercise of appellate jurisdiction. Hopkins v. Lee, 6 Wheat. 113, 5 L. ed. 219; Harrison v. Nixon, 9 Pet. 534, 9 L. ed. 220; Sibbald v. United States, 12 Pet. 492, 9 L. ed. 1169; Bank of United States v. Beverly, 1 How. 148, 11 L. ed. 81; Gordinier's Appeal, 89 Pa. 530; Com. use of Weaver v. Steacy, 100 Pa. 616; Otterson v. Middleton, 102 Pa. 78.

After confirmation of sale and failure on the part of the purchaser to comply with the conditions, plaintiff in error had two courses to pursue, either to compel payment of the purchase money by action, or to have the confirmation set aside and proceed to a resale of the property. Banes v. Gordon, 9 Pa. 426.

OPINION BY MR. JUSTICE TRUNKEY:

This action is brought to recover damages for breach of covenant arising upon contract for sale and purchase of land sold by order of court, under a special act of assembly. The defendant failed to pay the purchase money, and by order of court the land was again sold for a less price. By leave of court an additional count was filed; the first count in the declaration seems to be for the difference between the bids, and the second is for the purchase money which the defendant covenanted to pay. After the jury were sworn, on the same day, the defendant withdrew his plea and demurred. His demurrer was overruled, and thereupon the defendant put in pleas, and immediately the trial was begun.

From the record it appears that the defendant was dissatisfied with the ruling of the court on the demurrer; but the plaintiff made no request for judgment *quod recuperet,* and without objection proceeded to trial of the issue raised by the pleadings. For this reason, if no other, the first assignment should not be sustained.

It is unnecessary to remark that if the property was sold again, an action cannot be maintained on the covenant for recovery of the purchase money. Nor is any question raised whether covenant is the proper form of action for recovery of the difference between the bids.

The record shows that the sale to Freck was duly confirmed, and the deed made and acknowledged. The order and decree, namely: that the sale to "Freck be confirmed, and that the premises so sold be and remain to the said Joseph M. Freck, his heirs and assigns, forever," still stands; and, if revoked at all, it is because of the subsequent decrees and orders relative to another sale of the same land. No doubt the title of the last purchaser is valid, if he has complied with the terms of sale; but the ruling of the court below was, by reason of the cloud on the title, calculated to deter bidders. The confirmation of the sale to Freck was on the 12th of November, 1877, and the sale to John H. Sell was not made until in February, 1880. The second sale was not ordered till in May, 1879. For the reasons given by the learned judge of the common pleas, the nonsuit was rightly ordered.

Judgment affirmed.