## Commonwealth to use v. Doubleday-Hill Electric Company, Appellant.

*Receivers—Receiver's sale—Bond—Resale.*

In an action upon a bond given to a receiver conditioned upon the obligors bidding a certain price on a resale of property previously sold for an alleged inadequate price, an affidavit of defense is sufficient to prevent judgment which avers that at the second sale the receiver was notified to secure from the purchaser the hand money in accordance with the terms of the sale; that the receiver replied that he would take the chance of getting the money; and that bidders were present ready and willing to pay the amount specified in the bond.

Argued Oct. 20, 1909. Appeal, No. 95, Oct. T., 1909, by defendants, from order of C. P. No. 2, Allegheny Co., Jan. T., 1909, No. 933, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth, for use of the Creditors, and Robert Hawk, Receiver of the Coney Island Amusement Company v. Doubleday-Hill Electric Company, Iron City Engineering Company and C. A. Lawrence. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit upon a bond.

Rule for judgment for want of a sufficient affidavit of defense. Before SHAFER, P. J.

The averments of the affidavit of defense are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*George E. Reynolds,* with him *George H. Calvert* and *Wm. A. Blakeley,* for appellants.

*W. T. Tredway* and *Wm. A. Stone,* with them *Stephen Stone* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1910:

This is an action of assumpsit on a bond given by the defendants to the commonwealth for the use of creditors and a receiver, conditioned that the obligors would bid a certain price on a resale of the property and effects of the Coney Island Amusement Company, sold by the receiver for an alleged inadequate price. Each of the three defendants filed an affidavit of defense and the court, holding the affidavits insufficient, entered judgment in favor of the plaintiff. The defendants have appealed. In disposing of the appeal, we must treat the allegations in the affidavits as verity.

The affidavit avers, inter alia, as follows: "Prior to the time the bidders left the place of sale, this defendant is informed

and believes and expects to be able to prove at the trial of his case, that the receiver and his counsel were notified and warned to secure from the said purchaser fifteen per cent of the purchase price in accordance with the terms of sale, having in mind the failure of the prior purchaser to comply therewith, whereupon the receiver replied that he would take the chance of getting the money. The lien creditors were still present at this time ready and willing to pay $11,000 for the property." If, therefore, the property was not sold on that day to a responsible bidder for $11,000, it was not the fault of the defendants. They had performed every duty enjoined upon them by their bond. They cannot be held responsible for a neglect of duty by the receiver. According to this averment the receiver assumed the responsibility for getting the money from the purchaser. If he had demanded payment of the hand money as the terms of sale required him to do and it had been paid, the sale would have been reported to and confirmed by the court, and the receiver could have enforced payment of the balance of the purchase money. This would have relieved the defendants from liability on their bond. If payment of the hand money had been refused, it was the receiver's duty then and there to resell the property. If he had done so it would have been purchased by the lien creditors for a sum at least equal to the amount which the defendants' bond required them to bid. The receiver disregarded the admonition of the defendants to obey the terms of the sale which, if the averments of the affidavit of defense are true, resulted in the loss which he now seeks to recover from the defendants, the obligors in the bond. To permit him to do so would not be enforcing the obligations of the bond against the defendants for any default of theirs but by reason of his own default in not performing the duty required of him in the order under which he was making the sale.

The receiver made a return under oath to the court that he had sold the property at the September sale to A. H. Wise and that the hand money had been paid in accordance with the terms of the sale. The plaintiff's statement fails to disclose this fact, but alleges that the property was knocked down to

one Klein. If the return was correct, and having been made under oath we will assume that it was correct, the receiver could proceed against the defaulting purchaser: Singerly v. Swain, 33 Pa. 102. Setting aside the sale did not rescind the contract and release the purchaser from liability for the difference between his bid and the price at which the property was subsequently sold: Banes v. Gordon, 9 Pa. 426. Why the receiver prefers to sue the defendants on the bond rather than to require the purchaser of the property at the September sale to comply with his contract does not appear.

The majority of the court is of the opinion that the defense set up in the affidavit other than that above noted is insufficient, but thinks that averment, if sustained by the evidence, sufficient to defeat the plaintiff's action, and for that reason the order of the court below making absolute the rule for judgment is reversed with a procedendo.