# Commonwealth of Pennsylvania v. Doubleday-Hill Electric Co., Appellant.

*Corporations—Receivers — Receiver's sale — Resale — Bonds — Breach of condition—Recovery.*

In an action of assumpsit on a bond conditioned that defendants would bid $11,000 for the property of an amusement company in the hands of a receiver and pay the same if the property should be knocked down to them, it appeared that the receiver had sold the property for $8,000 at a public sale previously held; on exception by one of the defendants to the return the sale was set aside under order of court requiring the exceptant to file a bond in pursuance of which the defendants filed the bond in suit; that thereafter the receiver held a second sale on terms requiring that 15 per cent. of the purchase money be paid at the time of sale, and the balance upon the confirmation thereof. The property was sold for $11,250 to a third person, who gave the receiver a check for 15 per cent. of the purchase money, which was subsequently dishonored; and at a resale ordered by the court the property was sold for $4,000. The receiver claimed $7,000, being the loss sustained on the resale. Defendants offered evidence that the receiver and his counsel were notified before the second sale to secure from the purchaser 15 per cent. of the purchase price but that the receiver replied that he would take a chance of getting the money; and that the creditors were then present and willing to pay $11,000 for the property. It appeared that defendants had bid $11,000 at the resale but there was evidence that they had induced a third person, who was financially irresponsible, to bid $11,250 so as to evade responsibility for their bid and that defendants had agreed to pay such third person the difference between $11,000 and the amount of his bid. The court charged the jury that the burden of proof was upon the receiver to show that he had conducted the sale in good faith under the order of the court and that he had exercised the proper care in carrying out this order and that the sale was consummated in so far as could be done; that if there was no fault upon his part or if the defendants through their own fault caused the property to be

236 COM. *v.* DOUBLEDAY-HILL ELEC. CO., Appellant.

knocked down to an irresponsible bidder and a check to be given for which there were no funds in bank, they had no defense, as they were bound to appear at any future sale and make good their bid of $11,000. The jury found a verdict for plaintiff upon which judgment was entered. *Held,* that the judgment should be affirmed.

Argued Oct. 23, 1913. Appeal, No. 20, Oct. T., 1913, by defendants, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1909, No. 933, on verdict for plaintiffs in case of Commonwealth of Pennsylvania for use of the creditors and Robert Hawk, Receiver of the Coney Island Amusement Company, a corporation, v. Doubleday-Hill Electric Company, a corporation of Pennsylvania, Iron City Engineering Company, a corporation of New Jersey, and C. A. Lawrence. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a bond. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $8,917.11 and judgment thereon. Defendants appealed.

*Errors assigned* were various rulings on evidence and various instructions to the jury.

*Donald Thompson,* with him *George E. Reynolds,* and *George H. Calvert,* for appellants.

*W. A. Stone,* of *Stone & Stone,* with him *W. T. Tredway,* for appellees.

OPINION BY MR. JUSTICE BROWN, January 5, 1914:

Robert Hawk, receiver of the Coney Island Amusement Company, sold its property and effects for $8,000 at a public sale held August 12, 1908. Exceptions were filed to the receiver's return to the order of sale on the ground of inadequacy of price, and the sale was set aside under an order of the court, requiring the excep-

tant, the Iron City Engineering Company, one of the appellants, to file a bond, the condition of which was as follows: "If the said parties to this obligation, or any of them, shall, at the sale of the property and effects of the Coney Island Amusement Company, to be made at such a time as the court may order, bid for the same the price of $11,000, and in case the said property be sold or knocked down to them, or any of them, pay the said sum of $11,000 in accordance with the terms of sale, as provided in the original order of court directing the sale to be made upon the confirmation of the sale by the court, then this obligation to be void, otherwise, to remain in full force and virtue." After the appellants had executed a bond containing the foregoing condition, and it was approved by the court, an order of sale was issued to the receiver, directing him to expose the property and effects in his hands at public sale on September 23, 1908. The terms of sale, as embodied in the order, required fifteen per cent. of the purchase money to be paid cash at the time of the sale and the balance upon the court's approval and confirmation of the sale. The property was knocked off to A. H. Wise, on a bid of $11,250 made by John F. Klein, who gave the receiver his check for $1,687.50, being fifteen per cent. of the purchase money. This check was dishonored and the court ordered a resale of the property, which was held November 16, 1908; and the same was sold for $4,000. The receiver thereupon brought this action upon the bond given by the appellants, to recover from them the loss sustained on the resale, made up of $7,000, the difference between what they had agreed to bid and the amount realized on the second sale, together with the costs of additional advertisement, auctioneer's fee, etc., made necessary by the last sale. An affidavit of defense was filed to plaintiff's statement, which was held to be insufficient by the court below, but, on appeal, we held that one averment in it was sufficient to send the case to a jury. That averment was: "Prior to the time the bidders left the place

of sale, this defendant is informed and believes and expects to be able to prove at the trial of his case, that the receiver and his counsel were notified and warned to secure from the said purchaser fifteen per cent. of the purchase price in accordance with the terms of sale, having in mind the failure of the prior purchaser to comply therewith, whereupon the receiver replied that he would take the chance of getting the money. The lien creditors were still present at this time ready and willing to pay $11,000 for the property." Assuming this averment to be true, Mr. Justice MESTREZAT said of it: "The receiver disregarded the admonition of the defendants to obey the terms of the sale which, if the averments of the affidavit of defense are true, resulted in the loss which he now seeks to recover from the defendants, the obligors in the bond. To permit him to do so would not be enforcing the obligations of the bond against the defendants for any default of theirs but by reason of his own default in not performing the duty required of him in the order under which he was making the sale": Com. v. Electric Company, 227 Pa. 7. On the trial of the case the defendants failed to convince a jury that the material averment in their affidavit of defense was true, and for their failure to make good the defense which they set up there followed the judgment from which they have appealed.

The condition of appellants' bond was that, at the resale, they would bid and pay $11,000 for the property and effects of the Coney Island Amusement Company, if the same should be knocked off to them. The evidence shows that they did bid $11,000 at the sale, and if nothing more appeared in the case, they might now well contend that the condition of their bond was performed. They are bound only as their obligation binds them, and their liability is not to be extended beyond the express words of their covenant: Weightman v. Union Trust Company, 208 Pa. 449; but, while this is so, they are not to be permitted to escape liability under a mere mask

of performance. The performance contemplated by their bond was real, and not a sham. In standing upon their alleged performance, the law will sustain the appellants if they performed in good faith and with the intention of honestly complying with their obligation. If, on the other hand, after they had bid $11,000, they induced an irresponsible person to bid more, for the purpose of relieving themselves from their bid and all liability on their bond, they were not discharged from its obligation, and the jury were so instructed by the learned trial judge. The testimony of the receiver, if believed by the jury, was all sufficient to lead them to the conclusion that the appellants, instead of acting in good faith, had fraudulently attempted to evade responsibility for their bid. George B. Hill, the vice-president and treasurer of the Doubleday-Hill Electric Company, one of the obligors in the bond, attended the sale and bid $11,000, but subsequently, according to the testimony of the receiver, he said to Klein, the irresponsible bidder: "Klein, you bid another fifty dollars, making the bid $11,250, and I will return you the $250 if you will come to my office in the morning, so that the park will only stand you $11,000." This was denied by Hill, but it was for the jury to determine whether he or the receiver was telling the truth. The real issue was the good faith of the receiver in selling and of the appellants in bidding. The latter complain that the former had neglected his duty in failing to get fifteen per cent. of the $11,250 in cash at the time of the sale, as directed by the order of court. As to this the court thus correctly instructed the jury: "You will notice this order says that the terms of sale shall be cash, that is, the terms of sale shall not be credit. The court ordered that this sale should be so much cash and that time be given for the balance. The order means that the sale shall be for cash, fifteen per cent. upon the day of sale at the time of sale, and the balance upon the confirmation of the deed. In ordinary transactions embracing considerable sums of money—

that is, in the usual and ordinary course of business—the payment is by check. And the court is construing this order, which says the terms of sale shall be cash, to mean. in contra-distinction to credit.......So, gentlemen of the jury, in arriving at your verdict in this case, as the court has suggested to you, the whole matter then depends upon the facts and circumstances arising out of this sale. If this receiver had knowledge, or if there were grounds sufficient to lead a reasonably prudent person to believe that Klein was an irresponsible bidder, and he had been notified to obtain the hand money and under such notice he then said in substance, 'I will assume the responsibility of this bid and take the chance myself,' and the defendants had in good faith made their bid, then they would be relieved from any liability under this bond, for that would be the fault and the neglect of the receiver in making the sale, in not insisting upon having a proper check or cash in such a shape that he knew that the hand money was good. Now the burden is on the plaintiff in this case to establish to you under the weight of this evidence that this receiver did conduct that sale in good faith under this order of court, and that he exercised the proper care as the court has already said, in carrying out this order of court, and the sale consummated so far as in his power could be done as receiver. If there was no fault upon his part, or if the defendants through their own fault caused this sale to be knocked down to an irresponsible bidder and a check received for which there were no funds in bank, then they have no defense in this case, as they were bound then to appear at any future sale and make good under their bond a bid of $11,000."

The verdict conclusively establishes the good faith of the receiver and the bad faith of the appellants at the sale, and the only question for determination on this appeal is whether any reversible error was committed by the court in the submission of the case to the jury. Eight of the thirty assignments of error complain of

rulings on offers of evidence. We find nothing in them calling for a reversal of the judgment. The admitted offers were pertinent to the matter at issue. No rule of evidence was disregarded in the rulings which are the subjects of the first eight assignments, and they are, therefore, dismissed without further discussion.

We have not been persuaded that this case ought to go to another jury on account of the inadequacy of the charge. Nothing appears in those portions of it complained of, nor in the answers to the points assigned as error, which could have led the jury away from the single question before them or beclouded them in passing upon it. That question was the good faith of the parties to this proceeding at the sale on September 23, 1908. It was one of pure fact, and, having been determined against the appellants, they must submit to the judgment upon it. The amount they will have to pay is what they owe, under properly admitted evidence, as a penalty for failure to faithfully perform as they had promised.

Judgment affirmed.