## Bruff, Appellant, *v.* Stoops.

*Sheriff's sale—Resale—Measure of damages for loss on resale—Irregular execution.*

A purchaser at sheriff's sale is not liable to respond in damages for loss on resale of the property, if it appears that under the first sale he would have acquired a more favorable title than that which passed to the purchaser at the last sale, or if the terms of the first sale were more advantageous to the purchaser than those of the resale. The measure of damages in such a case is the difference between the price bid at the first sale, and that realized at a resale, fairly conducted upon terms not less advantageous to the purchaser than the first.

Where property is sold under an irregular execution, and the defendants in the execution acting, within their rights, effect a change in the record of such a character as to deter bidders at a resale, the bidders at the first sale cannot be held in damages for the difference between the amount which they bid at the first sale, and a less amount realized at the resale.

Argued April 24, 1918. Appeal, No. 77, April T., 1918, by plaintiff, from order of C. P. Allegheny Co., April T., 1917, No. 594, affirming judgment of the County Court in case of Judd H. Bruff, Sheriff, for use of Laura A. Stilley et al., v. C. N. Stoops et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Appeal from judgment of County Court of Allegheny County.

*Error assigned* was in affirming judgment of the County Court.

*M. H. Stevenson,* for appellant.

*T. M. Gealey,* with him *J. H. Simpson* and *T. F. Newlin,* for appellee.

OPINION BY PORTER, J., October 12, 1918:

This is an action by the sheriff to recover of the defendants damages for failure to comply with their bid upon a sale of real estate by the sheriff. One J. C. Holman filed a mechanic's lien against property owned by these use-plaintiffs, issued a scire facias thereon and ruled the case to compulsory arbitration, under the Act of June 16, 1836. On June 12, 1912, the arbitrators filed an award in favor of said Holman, who, on June 13, issued a writ of lev. fa. upon the award, under which the sheriff, on July 1, 1912, exposed the property to sale and it was struck off to the present defendants upon their bid of $275. On the following day, July 2, the defendants in the proceeding under that mechanic's lien (the use-plaintiffs here) took and perfected an appeal from the said award of arbitrators, entered into the proper recognizance and paid the costs accrued to that date. No further proceedings have been had on that mechanic's lien and the appeal remains undisposed of. The present defendants did not, on or before Friday, July 5, pay to the sheriff the amount of their bid as under the terms of the sale they were required to do, and served notice upon the sheriff that the defendants in that proceeding had appealed from the award of arbitrators, upon which the execution in his hands was founded. The sheriff proceeded to resell the property and struck it off to Holman, the plaintiff in the writ, upon his bid of $118.24, which amount he subsequently paid to the sheriff and a deed was delivered accordingly. This action was brought four years afterward to recover for loss resulting from the resale of the property. The court below held that the plaintiff was not entitled to recover and entered judgment in favor of the defendant; the plaintiff appeals.

The twenty days within which the defendants in the mechanic's lien had the right to appeal from the award of arbitrators had not expired when the lev. fa. issued, nor at the time that the present defendants made their

bid at the sheriff's sale. The execution was irregular, but no one except the defendant could take advantage of the irregularity, and up to that time the defendants in the execution had taken no action whatever. Those defendants had still one more day within which to appeal. If the defendants did not appeal, within the time yet allowed, or object to the sheriff's sale upon the ground of the irregularity of the execution, the purchaser at that first sale would have taken a good title: Wilkinson's App., 65 Pa. 189. The defendants in the execution did perfect their appeal, file the proper recognizance and pay the costs on the next day after the sheriff had struck off the property to the present defendants. This was record notice to all persons that it was the intention of the defendants in the execution to stand upon their legal rights and would undoubtedly have a tendency to discourage bidding at the sheriff's sale on July 5th. The question whether an appeal thus taken within twenty days supersedes a prior execution irregularly issued, without further affirmative action by the defendant, does not seem to have been decided in this State. When the defendants in that proceeding took their appeal within the time allowed by the law it was, however, a direct challenge to the right of the plaintiff in the execution to recover, and was an absolute negative of any suggestion that the defendants had waived their right to subsequently object to the sale. With the record in this condition every bidder knew that if the property was struck off to him he would have to subsequently deal with the defendants in the execution. A purchaser at sheriff's sale is not liable to respond in damages for loss on resale of the property if it appears that under the first sale he would have acquired a more favorable title than that which passed to the purchaser at the last sale, or if the terms of the first sale were more advantageous to the purchaser than those of the resale. The measure of damages in cases of this character is the difference between the price bid at the first sale and that realized

426, (1918).]        Opinion of the Court.

at a resale, fairly conducted upon terms not less advantageous to the purchaser than the first: Banes v. Gordon, 9 Pa. 426; Hare v. Bedell, 98 Pa. 485; Ramsay v. Hersker, 153 Pa. 480; Pepper v. Deakyne, 212 Pa. 181; Helfrick v. Freck, 3 Sadler 352. The effect of the change in the record was such as to deter bidders at the resale and render it improper to accept the price realized at that sale as the basis for ascertaining the damages to be paid by the defendants for failure to comply with their bid at the first sale. These considerations render it unnecessary for us to decide whether or not the taking of the appeal by the defendants in the execution operated as a supersedeas of the same.

The judgment is affirmed.